Thank you. Good morning or good afternoon now. May it please the court. My name is David Teal. I represent the appellant Mr. Valdez-Lopez. Mr. Valdez-Lopez went to trial and he was convicted on five counts. The fifth count was a 924c enhancement charge for brandishing a firearm. Some 13 well some 12 years and 20 days later he was successful in his collateral attack pursuant to 2255. He challenged count five and he was successful. Count five carried with it as the court knows a seven-year mandatory sentence consecutive to the counts one through four sentence. Judge Carroll, the original judge, was in a semi-retirement status so the case was sent by random lie to Judge Logan. Judge Logan had the magistrate judge consider the matter and on the 2255 the government did not or went uncontested. The government conceded the 2255. The magistrate judge agreed and the matter went to Judge Logan where he adopted it. This was the triggering event that the Ninth Circuit requires or a component of the triggering event that the Ninth Circuit appears to require to conduct its reasonable likelihood analysis under peers. Judge Logan went to resentencing on counts one through four and the original sentence was 240 months as imposed by Judge Carroll on counts one through five. Judge Logan on counts one through four imposed 300 months a five-year net increase and that was without as I've already indicated the seven years that was mandatory consecutive for the enhancement. So the question before this court became does that invoke the peers presumption the prophylactic rule because there's no double jeopardy protection then we're left with the due process protection. Are there any facts relevant to sentencing that are different that would justify the increase or is this just we have a different judge who has a different view of the matter? There are there's no well I shouldn't say no I don't believe from the record and I and in my briefs I argued that the record does not reveal any new evidence. The court itself Judge Logan indicates that he relied upon the the record before with Judge Carroll. The record reflects that the sentencing memorandum filed by the government was nearly identical government recommendation remained unchanged and the only new evidence or potentially new evidence was that Mr. Valdez Lopez some 10 years earlier just when he had essentially just started his incarceration was in a fight and the defense argued that that was a kind of a necessary evil of being incarcerated and he requested to be transferred and it never happened again. Near the near the end of the resentencing Judge Logan acknowledged that but in appellant's mind dismissed that and did not consider it noting that it was over 10 years old and it was not a basis for the judge's decision it wasn't considered a new conduct that he relied on in imposing the sentence. So counsel oh I'm sorry please. My question is what legal authority tells us that the Pierce presumption applies in a situation like this where we have two different judges at the sentencing phases? Right that's not necessarily an easy question so I would say that I don't know that there is a case that says it directly applies. I think that the Supreme Court jurisprudence tells us that it does apply so I think that I took issue with this the government's argument that there's a bar when the second judge is the sentencer a new judge is a sentencer. So are you is that what you're asking us to do in this case to establish that the Pierce presumption applies when we have two different sentencing judges? I don't think that the court needs to do that I think that that's all the court needs to do is apply the McCullough and or apply all of Emma B Smith the reasonable likelihood test and the Ninth Circuit appears to require a triggering event and I think we've established there's a triggering event to consider the reasonable likelihood analysis and so in that situation the court can consider the fact that there's a second judge but just like the cases so let's take Colton or Chafin as an example where a scholar might argue that those mean that there's or no longer can you have a second senator sentencers involved when there's a bar well those cases don't stand for that either in those cases you have reasonable explanations as to why the court held how it did and why they emphasize that consideration. So for an example in Colton it was a two-tier system where it was an automatic de novo new trial the new court has no there's no record before the court that was considered before there's not the same testimony they don't know the punishment none of that's in play in Chafin a new jury same thing though the new jury and the court points all this out the new jury doesn't know about the punishment the new jury doesn't have any institutional interests or motivations there's no triggering event for the jury so they don't have the same types of things that the court in Pierce would have been concerned with they're not preoccupied with those things and if you take a case like McCulloch McCulloch in McCulloch the court also does not announce a rule but they do in like for example Judge Brennan his concurrence discusses the fact that if there was it doesn't really categorize it but he says if there was more evidence of a reasonable likelihood then he would have agreed that the Pierce presumption should apply and in that instance he would have found that the government's excuses or the rebuttal would not have sufficed and in the council may I ask I mean not only do we have two different judges but it's also somewhat different from the usual vindictiveness context where you know it's not like the the sentencing judge got reversed and so then we might think well you know I'm he's thinking you know I'm angry with you for going to punish you here the only reason there needed to be a new sentencing was that Judge Logan himself had granted the 2255 motion so where the the resentencer is the same person who created the need for the resentencing what why should we think that a person in that situation would feel vindictiveness towards someone whose motion you know he had granted right what I've argued is that the 2255 could still serve as a trigger for judges in this case it would happen to be Judge Logan the reason it could still serve the trigger or some motivation or some institutional institute institutional interest might be triggered is because the court was really did not have broad discretion here what it so for example again in McCullough the judge was deciding whether it was conduct and that was something that was a very well it's based on facts and law but it's the way I argued is it's more discretionary here Judge Logan is handed a 2255 where the government conceded it and the magistrate judge concurred and the supreme court's new case law said this is what it should be and so Judge Logan then adopted that but because we do not have to actual vindictiveness we only have to establish a real possibility then the record itself is what demonstrated that he was punishing Mr. Valdes Lopez for that successful 2255 for the fact that he no longer had the broad discretion and what I argued was his authority and his discretion was what it would normally be because of that 2255 and that is manifested in the comments about his right to go to trial his uh the questions to the government about whether or not he was offered a plea and who went to trial and what the ultimate sentence was and those types of things that I outlined in the reply okay let's let's hear from the government and you'll have you'll get a chance to respond good afternoon thank you your honor may it please the court my name is Ray Wu and I'm here to represent the United States the presumption of vindictiveness does not apply here the resentencing in this particular matter was handled by a new judge this judge not oversee the first trial this new judge not impose the original sentence there's simply nothing can he go back and say you know I changed my mind would you please not grant my 2255 that was a terrible mistake for me to file a 2255 because it resulted in an extra five years of punishment thanks a lot for granting the 2255 yes your honor um it would have been better off just staying in jail saying you know I was wrongly convicted on that one but I'm just going to take my medicine I'm just going to sit here I'm not going to challenge it because it's not for my trouble from pointing out that I was unjustly convicted on that count I'm going to get an extra five years such a deal I mean there's something wrong with this it may not be correctable given our doctrine about vindictive punishment but they're just this does not seem quite right to me yes sir I think you know earlier when um you asked a question of mr teal you I think you made the point that I was going to make which is this sentence is essentially handled by a different judge with a different view of the matter ultimately there's really no triggering event that would suggest that the court had any reason to self-vindicate if I may take it a step further I'm sorry your honor you know I think that's right and and and the judge stands higher than you guys recommended yes your honor that is correct um you know in looking over the record I would submit to the court there's really nothing in there to suggest that the court sentence was the product of actual vindictiveness victimness there was no triggering events there's no evidence that the court had a particular bias towards mr valdez lopez there's nothing in the law or nothing in the record to suggest that the court had an institutional motivation to discourage either mr valdez lopez or other defendants from going to trial or filing an appeal this claim of you know that there's a presumption of addictive is simply unfounded and I would ask the court uh deny it now the question now becomes whether the court abused its discretion when it independently reviewed the record the pre-sentence report the sentencing memos to come up with a sentence that it felt was reasonable and I and I as I stated in my brief the court did in fact provide fact-based reasons which were logical and non-victictive for its and the emotional harm caused to in the court's words to a staggering number of victims this is a very serious hostage taking case involving a large number of victims there were over 70 people held hostage in a small three-bedroom house to provide the court some context those 70 people were held in bedrooms I think one witness testified that he was in one of the bedrooms with 30 people they were forced to sit they weren't allowed to stand they were starved and they were threatened with violence the court focused on that and stated that you know in his discretion he felt that he had to give some consideration to all of these victims the court also talked about and focused on the defendant's criminal history which included some prior acts of violence as well as he considered the circumstances of the co-defendants and the now the circumstances of the co-defendant are a little tricky here because the co-defendants pleaded and they got lower sentences but of course that just happens all the time the punishment for uh not taking a plea is you're subjecting yourself to the possibility of guilt and then on a higher sentence we say that you're not punished for going to trial and under the doctrine he's not been punished for going to trial but in fact that's exactly what happened yes your honor i would also say that he was punished for the counts of conviction that the jury found him guilty of well no i understand and i'm not arguing that within the meaning of the doctrine that he's been punished for going to trial because he clearly is not this this happens every day you reject a plea that has a light sentence you go to trial and you get a heavier sentence that's just the way it works i get it yes your honor yes right so ultimately you know i'm sorry i'm getting it i want to so you have so shifted to the second issue about whether there was an abuse of discretion for the second judge to come to the sentence that he came to and you made the argument that he was looking at the facts and serves and then and he uh made his decision based on that and i guess i would maybe assume for purposes of my question that had he been the first judge that would have been a reasonable sentence to give my question is when you're the um when we look at abuse of discretion is there any legal authority that says that the second judge needs to take into account what the first judge did as part of that exercise of discretion or not your honor i don't recall anything specific i will cite to the court texas versus mccullough where the court said that when you have you have a situation where you have different senators assessing the various sentencing a defendant can receive the second sentence if it's an increase cannot truly be said to be an increase because it's essentially a new type of sentence is being independently reviewed by a new judge who is exercising its discretion but to answer your question i can't um think of a particular case to address that other than texas versus mccullough i don't recall anything specific so in this particular case judge logan in his exercises independence exercise judicial discretion reviewed the facts and the factors 35 53 to decide that a 25-year term which is ultimately far below what the advisory guideline range was which was life to be a reasonable one it was different from what i recommended but again there are varying degrees of what what would be a reasonable sentence under the advisory guideline range and for all the reasons i've stated here today as well as the arguments set forth in the government's brief i would ask the court affirm the sentence imposed by judge logan thank you any further questions for the government uh would you put two minutes on the clock for response thank you judge i think i'll go back to uh the original the purpose behind peers and so the purpose is to um ensure that when someone collaterally attacks their sentence that there's no vindictiveness in that that results and as any part of the sentence and the second part is to prevent or hopefully prevent apprehension uh in people like mr valdez lopez from doing what he did in this case and so i would argue that there's nothing about a second sentence or a new judge handling a 22 55 that would suggest that those concerns are those concerns are all present and those concerns would in fact deter someone like mr valdez lopez who is presently uh if i'm doing my math right he's presently would have uh exceeded the sentence he's already exceeded um what he would have been sentenced if the judge had imposed or judge logan had imposed the original 20 years term and so the that alone um even with the narrowing of peers that has happened there is not an absolute bar to a second judge and it would be inconsistent with the intent of peers okay thank you thank you very much both sides uh case of united states versus valdez lopez submitted for decision
judges: W. Fletcher, Miller, Hunsaker